FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

11 APR 12 PM 4: 13

CLERK U.S. DISTRICT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

MICHAEL JIMENEZ,
JOHANA MELENDEZ SANTIAGO, and
MARIE MASON

CASE NO. 8:11 CR 197 T 24 MAP
18 U.S.C. § 371
18 U.S.C. § 666(a)(1)(A)(i) and (ii)
18 U.S.C. § 1341
18 U.S.C. § 1346
18 U.S.C. § 2



**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
(Conspiracy to Commit Offenses Against the United States)

A. **Introduction**

At times material to this Indictment:

1. The Department of Health and Human Services (hereinafter, "HHS") is the principal agency of the United States Government for protecting the health of all Americans and providing essential human services, especially for those who are least able to help themselves. HHS works closely with state and local governments, and many HHS-funded services are provided at the local level by state or county agencies, or through private sector grantees.

2. The Administration for Children and Families (hereinafter, "ACF") is a federal agency under HHS which funds state, territory, local and tribal organizations in order to provide family assistance (welfare), child support, child care, Head Start, child welfare, and other programs relating to children and families. Actual services are



provided by state, county, city and tribal governments, and private local agencies. ACF assists these organizations through funding, policy direction, and information services. ACF is a principal operating division of HHS. The administration is headed by the Assistant Secretary for Children and Families, who reports directly to the Secretary of HHS.

3. The Office of Head Start (hereinafter, "HS") advises the Assistant Secretary for Children and Families on issues regarding the Head Start program (including Early Head Start (hereinafter, "EHS"). The HS develops legislative and budgetary proposals; identifies areas for research, demonstration and developmental activities; presents operational planning objectives and initiatives relating to HS to the Assistant Secretary for Children and Families; and oversees the progress of approved activities.

4. HS is a national program launched in 1965 that currently promotes school readiness by enhancing the social and cognitive development of children through the provision of educational, health, nutritional, social and other services to enroll children and families. The program provides grants to local public and private non-profit and for-profit agencies to provide comprehensive child development services to economically disadvantaged children and families, with a special focus on helping preschoolers develop the early reading and math skills they need to be successful in school. In fiscal year 1995, the EHS program was established to serve children from birth to three years of age in growth and development issues. HS programs promote school readiness by enhancing social and other services to enrolled children and families. They engage parents in their children's learning and help them in making progress toward their

educational, literacy and employment goals. Significant emphasis is placed on the involvement of parents in the administration of local HS programs.

5. For more than forty-five (45) years, Hillsborough County Head Start/Early Head Start (hereinafter "HS/EHS") has been set up to prepare more than 60,000 low-income children for school by providing early childhood and prenatal education; family, medical, dental, mental health and social services; and two-thirds of the United States Department of Agriculture (USDA) required daily nutritional needs. Hillsborough County HS/EHS Division is one of the largest grantees for HS in the southeastern United States, servicing approximately 3,474 children and families from approximately nineteen (19) centers located throughout the county.

6. MICHAEL JIMENEZ was the Deputy Director of Fiscal and Administrative Services for Hillsborough County HS/EHS.

7. MARIE MASON was the Deputy Director of Program Services for Hillsborough County HS/EHS.

### B. The Conspiracy

8. From at least in or about April, 2010, and continuing through in or about November, 2010, the exact dates being unknown to the Grand Jury, within the Middle District of Florida, and elsewhere,

MICHAEL JIMENEZ,
JOHANA MELENDEZ SANTIAGO,
and
MARIE MASON,

defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other and with others, both known and unknown to the Grand Jury, to:

(a) defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of HHS in the operation of the Hillsborough County HS/EHS program in a manner that was honest, fair and free from deceit, craft, trickery, corruption, and dishonestly; and

(b) commit an offense against the United States, that is, being an agent of an organization, and of a State and local government, and any agency thereof, which received Federal assistance in excess of $10,000 in a one-year period, to obtain by fraud, and otherwise without authority, knowingly convert to the use of any person other than the rightful owner and intentionally misapply property that is valued at $5,000 and more, and is owned by, and is under the care, custody and control of such organization, government and agency, in violation of Title 18, United States Code, Section 666(a)(1)(A).

### C. Manner and Means of the Conspiracy

9. It was part of the conspiracy that defendant JOHANA MELENDEZ SANTIAGO would and did author a children's book entitled, "Travel Boy Helps Sebastian."

10. It was further part of the conspiracy that defendant JOHANA MELENDEZ SANTIAGO would and did attempt to sell her books to Hillsborough County HS/EHS, knowing that defendant MICHAEL JIMENEZ, her spouse, was the HS Deputy Director of Fiscal Services.

11. It was further part of the conspiracy that defendant MICHAEL JIMENEZ would and did assist defendant JOHANA MELENDEZ SANTIAGO, his spouse, in selling her books to Hillsborough County HS/EHS.

12. It was further part of the conspiracy that defendant MICHAEL JIMENEZ would and did enlist the assistance of MARIE MASON so that Hillsborough County HS/EHS would purchase the books, "Travel Boy Helps Sebastian," from defendant JOHANA MELENDEZ SANTIAGO.

13. It was further part of the conspiracy that the conspirators would and did keep the total price of the purchase of the books under $10,000 so that the process of purchasing the books would not have to go through a bid process.

14. It was further part of the conspiracy that the conspirators would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

### D. Overt Acts

15. In furtherance of and to effect the object of the conspiracy, and to accomplish its purposes and objectives, the following overt acts, among others, were committed by one or more coconspirators in the Middle District of Florida, and elsewhere:

(1) On or about April 15, 2010, defendant JOHANA MELENDEZ SANTIAGO sent an email to defendant MICHAEL JIMENEZ concerning "book order." Defendant JOHANA MELENDEZ SANTIAGO stated therein: "Here's a letter of presentation of my book, in case they need justification. Also you can tell them that I am a product of the HS system."

5

(2)     On or about April 21, 2010, defendant MICHAEL JIMENEZ sent an email to I.N., a HS Services Specialist. Defendant MICHAEL JIMENEZ stated: "Here's the presentation... I'll have the quote sent immediately..."

(3)     On or about April 21, 2010, defendant JOHANA MELENDEZ SANTIAGO sent an email to I.N., a HS Services Specialist. Defendant JOHANA MELENDEZ SANTIAGO stated: "In order to send you a quote, I need to know the number of books you need. I can have the quote ready for you by Thursday afternoon. Please, let me know that and the company name and address to whom the order will be shipped to."

(4)     On or about April 22, 2010, defendant JOHANA MELENDEZ SANTIAGO sent an email to I.N., a HS Services Specialist. Defendant JOHANA MELENDEZ SANTIAGO stated: "Here are the quotes for 800, 1000 and 1,300 copies of the soft cover book. You can get the highest discount (30% if you get 1,300 copies). Let me know if I can help with anything else."

(5)     On or about April 27, 2010, defendant JOHANA MELENDEZ SANTIAGO sent an email to I.N., a HS Services Specialist. Defendant JOHANA MELENDEZ SANTIAGO stated: "Just following up with the book order. I wanted to know if you decided on a book amount. Let me know. If there's anything else I can provide to help with the decision, don't hesitate to contact me."

(6)     On or about May 3, 2010, the defendants caused I.N., a HS Services Specialist, to send an email. I.N. stated: "We will be placing the orders for the books today however, the quotes have expired. I was informed today that we need to

the quotes amount to be under $10,000. Could you please supply the three (3) quotes again?"

(7) On or about May 3, 2010, defendant MARIE MASON, on behalf of Hillsborough County HS/EHS Division, signed a Merchandise Request Form for 750 copies of "Travel Boy Helps Sebastian" for a total purchase price of $9,000.

(8) On or about June 2, 2010, defendant JOHANA MELENDEZ SANTIAGO caused an invoice to be prepared by Xlibris for 750 copies of "Travel Boy Helps Sebastian" to be sent to defendant JOHANA MELENDEZ SANTIAGO.

(9) On or about June 24, 2010, the conspirators caused a check in the amount of $9,000 to be issued by the Hillsborough County Board of County Commissioners to defendant JOHANA MELENDEZ SANTIAGO.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## (18 U.S.C. § 666)

1. The allegations contained in the Introduction of Court One, paragraphs 1 through 7, and in the Manner and Means, paragraphs 9 through 14, are incorporated herein by this reference.

2. On or about June 24, 2010, in the Middle District of Florida, and elsewhere,

MICHAEL JIMENEZ,
JOHANA MELENDEZ SANTIAGO,
and
MARIE MASON,

defendants herein, being an agent of an organization, and of a State and local government, and any agency thereof, which received Federal assistance in excess of $10,000 in a one-year period, did obtain by fraud, and intentionally misapply property that is valued at $5,000 and more, and is owned by, and is under the care, custody and control of such organization, government and agency.

All in violation of Title 18, United States Code, Sections 666(a)(1)(A)(i) and (ii) and 2.

## COUNT THREE
### (Honest Services Mail Fraud)

### A. Introduction

1.  The allegations contained in the Introduction of Count One, paragraphs one through seven, are incorporated herein by this reference.

### B. The Scheme

2.  From in or about April, 2010 and continuing through in or about November, 2010, in Hillsborough County, in the Middle District of Florida, and elsewhere,

MICHAEL JIMENEZ,
JOHANA MELENDEZ SANTIAGO,
and
MARIE MASON,

defendants herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, and for depriving the citizens of Hillsborough County and the Hillsborough County HS/EHS programs of the intangible right of honest services.

### C. Manner and Means

3.  The Manner and Means of the scheme and artifice to defraud is set forth in Part C of Count One and is hereby realleged and incorporated as if fully set forth in this paragraph.

### D. Execution of the Scheme

4. On or about June 28, 2010, in Hillsborough County, in the Middle District of Florida, and elsewhere,

MICHAEL JIMENEZ,
JOHANA MELENDEZ SANTIAGO,
and
MARIE MASON,

defendants herein, for the purpose of executing the above-described scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by the United States Postal Service according to the direction thereon, and at the place at which the defendants directed it to be delivered, a check in the amount of $9,000, dated June 24, 2010, and made payable to defendant JOHANA MELENDEZ SANTIAGO.

In violation of United States Code, Sections 1341, 1346 and 2.

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _Robert O'Neill_
Robert E. O'Neill
United States Attorney

FORM OBD-34
APR 1991

GPO 863 525

No. _____

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

MICHAEL JIMENEZ,
JOHANA MELENDEZ SANTIAGO,
and
MARIE MASON

## INDICTMENT

Violations:

18 U.S.C. §§ 371, 666(a)(1)(A)(i) and (ii), 1341, and 1346

A true bill,

_____
Foreperson

Filed in open court this 12th day

of April, 2011.

_____
Clerk

Bail $ _____