UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.  8:11-cr-197-T-24 TGW

MICHAEL JIMENEZ,

_____/

**<u>ORDER</u>**

This cause comes before the Court on Defendant Michael Jimenez's Motion for

Judgment of Acquittal.  (Doc. No. 93).  The Government opposes the motion.  (Doc. No. 94, 95).

**I.  Background**

The following facts come from the trial of this case, which occurred on July 11 - 14,

2011: Defendant Michael Jimenez was the Deputy Director of Fiscal and Administrative

Services for Hillsborough County Head Start/Early Head Start ("Hillsborough Head Start") in

2010.  Jimenez's wife, Defendant Johana Melendez Santiago, a college professor, owns and

operates a business called Reading For Little Scientists.  Santiago wrote a children's book,

"Travel Boy Helps Sebastian," which she had published and sold to Hillsborough Head Start

through her business.  Jimenez along with his co-worker, Marie Mason, the Deputy Director of

Program Services for Hillsborough Head Start, helped Santiago sell her book to Hillsborough

Head Start.   In 2010, Hillsborough Head Start purchased 750 copies of Santiago's book for

$9,000.

Thereafter, Defendants Jimenez, Santiago, and Mason were charged in a three-count

indictment with: (1) conspiracy to defraud the United States[1], in violation of 18 U.S.C. § 371; (2)

_____

[1]Hillsborough Head Start is an agency that receives federal funds.

obtaining property by fraud and/or misapplying property, in violation of 18 U.S.C. § 666(a); and

(3) committing honest services mail fraud, in violation of 18 U.S.C. § 1341 and § 1346.  The jury

found Santiago and Mason not guilty on all three counts.  The jury found Jimenez not guilty as

to the conspiracy count, but it found him guilty on the remaining two counts.

## II.  Motion for Judgment of Acquittal

After the Government's case-in-chief, and again after the close of the evidence, Jimenez

moved for a judgment of acquittal as to counts two and three.  The Court denied the motion as to

count two and reserved ruling until after the jury's verdict as to count three.  After the jury's

verdict, the Court gave the Government and Jimenez an opportunity to file post-trial briefs as to

Jimenez's motion for judgment of acquittal as to count three.  Currently pending before the

Court is Jimenez's motion for judgment of acquittal as to counts two and three.[2]

In considering the motion for judgment of acquittal, the Court views the evidence

in the light most favorable to the Government, making all reasonable inferences and

credibility choices in the Government's favor, in order to determine whether a reasonable jury

could find that the evidence established Jimenez's guilt beyond a reasonable doubt.  See U.S. v.

Gamory, 635 F.3d 480, 497 (11th Cir. 2011)(citations omitted).   As explained below, the Court

denies the motion as to count two and grants the motion as to count three.

### A.  Count Two

In count two, Jimenez was charged with obtaining more than $5,000 of Hillsborough

Head Start's funds by fraud and/or misapplying such funds, in violation of 18 U.S.C. § 666(a).

---

[2]The motion for judgment of acquittal was made pursuant to Federal Rule of Criminal
Procedure 29(c) as to count two and pursuant to Rule 29(b) as to count three.

As it did when the motions were made during the trial, the Court finds that the evidence presented at trial is sufficient to sustain Jimenez's conviction. Specifically, the evidence at trial, viewed in the light most favorable to the Government, established that: (1) Jimenez was an agent of Hillsborough Head Start, which received more than $10,000 in federal assistance in 2010; and (2) Jimenez intentionally misapplied $9,000 of Hillsborough Head Start's funds. Accordingly, the motion for judgment of acquittal as to count two is denied.

### B.  Count Three

In count three, Jimenez was charged with committing honest services mail fraud, in violation of 18 U.S.C. § 1341 and § 1346. Thus, the Government charged Jimenez with depriving Hillsborough Head Start of his honest services. Jimenez argues that he is entitled to an acquittal as to this count, because the United States Supreme Court in Skilling v. U.S., 130 S. Ct. 2896, 2931 (2010), limited the statute to situations where there is a bribe or a kickback. The Government never contended that Jimenez received a bribe but instead argues that he indirectly received a kickback through the monies paid to his wife. Jimenez argues that the Government did not offer sufficient evidence of a kickback to sustain a conviction. This Court agrees.

In Skilling, the Supreme Court noted that the honest services fraud statute targeted the following type of corruption: the offender profits even though the betrayed party does not suffer a deprivation of money or property; instead, a third-party that has not been deceived provides the enrichment to the offender. See id. at 2926. Applying this to the instant case, the evidence must show that Jimenez [the offender] profited even though the betrayed party [Hillsborough Head Start] did not suffer a deprivation of money or property; instead, Santiago [a third-party that had

3

not been deceived] provided the enrichment to Jimenez [the offender].  However, there was not sufficient evidence that Santiago provided any kickback to Jimenez.

As the Supreme Court noted in <u>Skilling</u>, a kickback is "'any money, fee, commission, credit, gift, gratuity, thing of value, or compensation of any kind which is provided, directly or indirectly, to . . . [the defendant] . . . for the purpose of improperly obtaining or rewarding favorable treatment.'" <u>Id.</u> at 2933-34 (quoting 41 U.S.C. § 52(2)).  The Government did not present any evidence that Santiago gave Jimenez anything of value to reward him for helping her sell her book to Hillsborough Head Start.

Instead, the evidence at trial established that: (1) Hillsborough Head Start paid Santiago for the books by check, which was made out to "Johana Melendez-Santiago, d/b/a Reading for Little Scientists;" and (2) Santiago endorsed the check and deposited it into her business account.  There was no evidence that Jimenez had access to Santiago's business account.  Instead, the Government argued that since Jimenez and Santiago were married, living together, sharing a mortgage and other bank accounts, and filed joint tax returns, it could be assumed that Jimenez indirectly received some or all of the $9,000 from Santiago.  The Court finds that such an assumption is improper.

Instead, the Government needed to present evidence that Santiago bestowed some benefit upon Jimenez, either directly or indirectly, to reward him for his help selling her book to Hillsborough Head Start.  The Government could have attempted to show a transfer of money from Santiago's business account, but it did not make such an attempt.  There was not even a showing that Santiago's business was profitable, which would be necessary to support an assumption that Santiago shared her business' profits with her husband.  Thus, the Court finds

4

that there was no evidence introduced to show that Jimenez received a kickback from Santiago, which is a required element of the offense.

Additionally, the Court notes that while there was evidence that Jimenez had a conflict of interest and/or engaged in undisclosed self-dealing with respect to the sale of his wife's book, such is not enough to sustain a conviction for honest services mail fraud.  See id. at 2932. Therefore, the Court finds that, construing the evidence in the light most favorable to the Government, a reasonable jury could not find that the evidence established beyond a reasonable doubt that Jimenez was guilty of honest services mail fraud.[3]

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)    Defendant Michael Jimenez's Motion for Judgment of Acquittal (Doc. No. 93). is **GRANTED IN PART AND DENIED IN PART**: The motion is **DENIED** as to count two and **GRANTED** as to count three.

(2)    The jury's guilty verdict as to Jimenez as to count three is set aside, and an acquittal for Jimenez as to count three will be entered.  If the Eleventh Circuit sets aside the acquittal and reinstates the jury's verdict as to count three, a new trial will be unnecessary.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of August, 2011.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[3]Furthermore, the Court notes the inconsistency in the jury's finding that Santiago was not guilty of this offense, while simultaneously finding that Jimenez was guilty of the offense, since Jimenez's guilt would require a finding that Jimenez received a kickback from Santiago.